Exhibit "B-1"



**TDI | Texas Department of Insurance**

P.O. Box 149104 | Austin, TX 78714 | 1-800-578-4677 | tdi.texas.gov

December 11, 2019

USPS Certified Mail No.
9214 8901 9403 8301 8813 31
Return Receipt Requested

Craig W. Kliethermes, President
Mt. Hawley Insurance Company
9025 North Lindbergh Drive
Peoria, IL 61615-1431

Re: Cause No.: 2019-81687; styled *6008 West 34th Realty Corp. and Spring Center, Inc. vs. Mt. Hawley Insurance Company;* in the 55th Judicial District Court, Harris County, Texas

Dear Sir:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find citation and Plaintiff's Original Petition in the above referenced matter. These documents were served upon the Commissioner of Insurance on December 3, 2019.

Sincerely,

Tish Wilhelm
Program Specialist

CAUSE NO. 201981687

RECEIPT NO.         0.00    ATY
**********        TR # 73696724

PLAINTIFF: 6008 WEST 34TH REALTY CORP      In The   55th
vs.                                            Judicial District Court
DEFENDANT: MT HAWLEY INSURANCE COMPANY      of Harris County, Texas
                                                               55TH DISTRICT COURT
                                                                Houston, TX

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: MT HAWLEY INSURANCE COMPANY BY SERVING THE TEXAS COMMISSIONER OF
     INSURANCE KENT SULLIVAN AS ITS DESIGNATED AGENT AT 333 GUADALUPE STREET
     AUSTIN TEXAS 78714-9104
     FORWARD TO: PRESIDENT CRAIG WILLIAM KLIENTHERMES
     9025 NORTH LINDBERGH DRIVE     PEORIA   IL   61615

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>11th day of November, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 14th day of November, 2019, under my hand and seal of said Court.

<u>Issued at request of:</u>                                   MARILYN BURGESS, District Clerk
DURRETT, J. BRANTLEY III                          Harris County, Texas
1061 WEST 17TH STREET                             201 Caroline, Houston, Texas 77002
HOUSTON, TX 77008                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (888) 551-8183
<u>Bar No.:</u> 6287615                                         Generated By: WIMBLEY, TAHJ MESHAE   IS1//11378047

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the
                                                                                  Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                                _____ of _____ County, Texas

11/11/2019 10:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38378837
By: Tahj Wimbley
Filed: 11/11/2019 10:09 AM

**2019-81687 / Court: 055**

NO. _____

| | | |
|---|---|---|
| 6008 WEST 34th REALTY CORP. and SPRING CENTER, INC., Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| MT. HAWLEY INSURANCE COMPANY, Defendant. | § § § | ____ th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, the Plaintiffs, 6008 West 34th Realty Corp. and Spring Center, Inc. ("collectively referred to as WRC/SCI"), and files this their Original Petition complaining of and against Defendant, Mt. Hawley Insurance Company ("HIC"), and in support hereof would respectfully show unto the Court the following:

### A. DISCOVERY CONTROL PLAN

2. Discovery in this action should proceed under Level 3, TEX. R. CIV. P. 190.3. This case involves complex issues and will require extensive discovery. Accordingly, WRC/SCI requests the Court enter a custom docket control order tailored to the particular needs of this lawsuit.

### B. RELIEF

3. WRC/SCI seeks monetary relief of over $200,000.00, but not more than $1,000,000.00. Rule 47(c)(4) TEX. R. CIV. P.

### C. PARTIES

4. Plaintiff, 6008 West 34th Realty Corp., is a Texas corporation organized and doing business in Houston, Harris County, Texas. Service of process is not requested or necessary at this time.

1

5. Plaintiff, Spring Center, Inc., is a Florida corporation doing business in Houston, Harris County, Texas. Service of process is not requested or necessary at this time.

6. Defendant, Mt. Hawley Insurance Company ("HIC"), is a foreign surplus lines insurance company organized as an Illinois entity and maintaining its principle place of business in Peoria, Illinois. HIC conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, HIC may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its president, Craig William Kliethermes, at its principle office, 9025 North Lindbergh Drive, Peoria, IL 61615.

### D. JURISDICTION AND VENUE

7. WRC/SCI seeks damages under the common and statutory laws of the state of Texas. The amount in controversy exceeds the jurisdictional minimum for the District Courts of the state of Texas.

8. Venue is proper in the District Court of Harris County, Texas under §15.002(a)(1) of and §15.032 of the TEX. CIV. PRAC. & REM. CODE because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas and because Harris County, Texas is the county in which the insured properties are located.

### E. FACTUAL BACKGROUND

9. In this Petition whenever it is alleged that the HIC did any act or thing, it is meant that the HIC's officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied, or apparent authorization or ratification of the HIC or was done in the normal and routine course and

2

scope of employment of the HIC's officers, agents, servants, employees, attorneys, or representatives.

10. By this action, WRC/SCI seeks to recover for losses sustained as a result of a fire its business park located at 22820 I-45 North, Houston, Harris County, Texas 77373 (the "Property").

11. On or before January 31, 2018, HIC marketed and sold a commercial property insurance policy bearing Policy No. MCP0167124 to WRC/SCI whereby HIC agreed to provide insurance for the Property in exchange for the payment of premiums (the "Policy"). The Policy term extended from January 31, 2018 through January 31, 2019. The Policy purports to provide coverage for direct, physical loss to the Property due to fire occurring during the Policy term.

12. On July 12, 2018, WRC/SCI sustained a loss to its the Property structure as a result of a fire. The fire loss occurred within the Policy term and is covered under the Policy.

13. On or about July 12, 2018, WRC/SCI filed an insurance claim and asked HIC to adjust the claim and pay it for the cost of repairs to the Property arising from the fire, the business income loss, as well as the costs to secure the Property. HIC investigated the loss, but unreasonably delayed paying the claim for a number of months. Despite receiving all items necessary to adjust the loss and make payment, HIC continued to delay paying the loss and requested additional documentation unnecessary to the adjustment process.

14. On March 12, 2019, WRC/SCI sent a demand letter to HIC requesting payment for its loss.

15. HIC continued to make additional unnecessary requests for documentation from WRC/SCI.

16. On July 29, 2019, WRC/SCI sent a supplement to its prior demand letter to HIC.

3

17. On August 20, 2019, WRC/SCI received partial payment of the recoverable depreciation from the loss to the structure.

18. On or about September 10, 2019, WRC/SCI received full payment for its business income loss and costs to secure the Property after the fire.

19. Despite the partial payment toward the loss sustained, HIC has failed and refused and continues to fail and refuse to make full payment for WRC/SCI's depreciation holdback.

## F. CAUSES OF ACTION

20. WRC/SCI repeats and incorporates, by reference, the allegations of paragraphs 1 through 19 above and paragraphs 27 and through 34 below, as if fully set forth herein.

21. WRC/SCI alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence", "intent", and/or "malice" and as a result thereof, it is entitled to receive additional, statutory, and/or exemplary damages.

22. WRC/SCI further alleges that in all of the conduct complained of herein, all employees, servants, agents, and representatives of HIC had actual, implied, or apparent authority to act on behalf of HIC.

23. WRC/SCI further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

24. Without waiving the foregoing, but strictly relying upon the same, WRC/SCI alleges that the actions and conduct of HIC constitutes a breach of contract. WRC/SCI purchased insurance from HIC. The insurance contract provides insurance coverage for the Property against loss from among other things: fire. WRC/SCI timely reported the loss to HIC and requested adjustment of the

4

claim. Despite full compliance with the Policy conditions, HIC have failed and refused and continue to fail and refuse to pay WRC/SCI's entire loss proximately causing damages to WRC/SCI.

25. Without waiving the foregoing, but strictly relying upon the same, WRC/SCI alleges that the actions and conduct of HIC violate §541 and §542 *et. seq.* of the TEX. INS. CODE. Among other things, HIC have violated §541.060 of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to WRC/SCI, by:

(a) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once an insurer's liability has become reasonably clear. §541.060(a)(2)(A) TEX. INS. CODE;

(b) Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. §541.060(a)(4)(A) TEX. INS. CODE; and

(c) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. §541.060(a)(7) TEX. INS. CODE.

HIC failed to attempt to effectuate an equitable settlement by conducting an unreasonable, inadequate, and outcome-oriented investigation of WRC/SCI's claim in which HIC chose to ignore obvious damage to the Property; grossly undervalued what damage they did acknowledge; and misrepresented the cause of, scope of, and cost to repair the damage to the business park. HIC made these and other misrepresentations to WRC/SCI. As a direct result of HIC's substandard and improper inspection of the Property, HIC grossly undervalued the cost of repairs in its estimate and intentionally underpaid WRC/SCI's covered loss. HIC acts and omissions as described herein violate various provisions of §541.060 of the TEX. INS. CODE, including §541.060(a)(2)(A) and §541.060(a)(3), and §542.003, by knowingly underestimating the amount of damage to the Property, by failing to provide WRC/SCI a prompt and reasonable explanation of the basis in the Policy for underpayment of the claim, and by failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim. HIC also failed to make an attempt to settle WRC/SCI's claims in

5

a fair manner although it was aware of its liability to WRC/SCI under the Policy. As such, HIC's conduct constitutes a violation of §541.060(a)(2)(A) of the TEX. INS. CODE.

HIC refused to fully compensate WRC/SCI under the terms of the Policy. Specifically, HIC performed an outcome-oriented investigation of WRC/SCI's claims, which resulted in a biased, unfair, and inequitable evaluation of WRC/SCI's loss. As such, HIC's conduct constitutes a violation of §541.060(a)(7) of the TEX. INS. CODE.

HIC also violated §542.051 *et. seq.* of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to WRC/SCI, by failing to comply with §542.055-542.060 TEX. INS. CODE and acknowledge receipt of WRC/SCI's claim, commence an investigation of the claim, and request from WRC/SCI all items, statements, and forms that they reasonably believed would be required within the applicable time constraints; and/or provide WRC/SCI with written notice of acceptance or rejection of the claim no later than the 15th business day after the date they received all items, statements, and forms, required to secure a proof of loss; and/or failed to provide WRC/SCI with written notice of the need for additional time to accept or reject the claim; and/or failed to provide WRC/SCI with written notice of acceptance or rejection of the claim no later than the 45th day after notifying WRC/SCI under §542.056(d) TEX. INS. CODE.

HIC failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, HIC has delayed full payment of WRC/SCI's claim longer than allowed and, to date, WRC/SCI has received only partial payment for the claim. HIC's conduct constitutes a violation of §542.055 of the TEX. INS. CODE. HIC acts and omissions violate §541 and §542 *et. seq.* of the TEX. INS. CODE and were a producing cause of the damages to WRC/SCI.

26. Without waiving the foregoing, but strictly relying upon the same, WRC/SCI alleges that the actions and conduct of HIC constitutes a breach the common law duty of good faith and fair

6

dealing. HIC sold WRC/SCI a commercial property insurance policy (the "Policy"), which covered risks to WRC/SCI's business park and various other items of coverage. The insurance policy gave rise to a duty of good faith and fair dealing. From the time WRC/SCI's claim was presented to HIC, the liability of the HIC to pay the full claim in accordance with the terms of the policy was reasonably clear. However, HIC have refused to pay WRC/SCI in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. HIC's conduct constitutes a breach of the common law duty of good faith and fair dealing. HIC's breach of this duty proximately caused damages to WRC/SCI.

## G. DAMAGES

27.     As a result of the actions and conduct complained of herein, WRC/SCI is entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: policy benefits wrongfully withheld including, but not limited to, WRC/SCI's recoverable depreciation.

28.     WRC/SCI is further entitled to the recovery of additional and/or exemplary damages due to the knowingly, grossly negligent, intentional, and/or malicious actions and conduct of the HIC.

29.     WRC/SCI is further entitled to the recovery of its reasonable and necessary attorney's fees incurred in connection with this suit pursuant to law. Among other statutory basis, WRC/SCI claims attorney's fees pursuant to §38.001 and §37.009 of the TEX. CIV. PRAC. & REM. CODE and §542.060(a)-(b), of the TEX. INS. CODE.

30.     WRC/SCI is further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of

Texas. Specifically, WRC/SCI claims statutory interest at the highest rate allowed under §542.060(a) of the TEX. INS. CODE.

31. WRC/SCI is further entitled to the recovery of costs of court.

### H. DEMAND FOR JURY TRIAL

32. Pursuant to Rule 216 TEX. R. CIV. P., WRC/SCI demands a jury trial on all issues triable by a jury and pays the appropriate jury fee.

### I. NOTICE OF INTENT TO USE DOCUMENTS - RULE 193.7 TEX. R. CIV. P

33. Pursuant to rule 193.7 TEX. R. CIV. P., WRC/SCI gives notice to HIC, that any and all documents produced in response to written discovery may be used as evidence in this case, and, that any such material may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or material produced in discovery.

## J. PRAYER

34. WHEREFORE, PREMISES CONSIDERED, Plaintiffs, 6008 West 34th Realty Corp. and Spring Center, Inc. ("collectively referred to as WRC/SCI"), pray that Defendant, Mt. Hawley Insurance Company ("HIC"), be cited to appear and answer herein, and that upon full and final trial herein, WRC/SCI recover from HIC all actual, incidental, special and consequential damages sustained as the result of the actions of HIC along with additional exemplary damages, and damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity, to which Plaintiffs, 6008 West 34th Realty Corp. and Spring Center, Inc. ("collectively referred to as WRC/SCI"), may show themselves justly entitled by this pleading or proper amendment hereto.

Respectfully submitted,

DURRETT LAW FIRM

*s/ J. Brantley Durrett, III*
J. BRANTLEY DURRETT, III
State Bar Number 06287615
1016 West 17th Street
Houston, Texas 77008
Telephone | Facsimile No.: (888) 551-8183
*brant@durrettlaw.com*

ATTORNEY FOR PLAINTIFFS,
6008 WEST 34TH REALTY CORP. AND SPRING CENTER, INC.

# 2019-81687 / Court: 055

**Exhibit**

Please prepare citation as follows:

Mt. Hawley Insurance Company, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process for forwarding to its president, Craig William Kliethermes, at its principle office, 9025 North Lindbergh Drive, Peoria, IL 61615